# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**ROY STILTNER**                                                            **PLAINTIFF**

v.                                                               **CIVIL ACTION NO. 4:10-CV-P85-M**

**KENTUCKY PAROLE BOARD et al.**                                   **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Roy Stiltner, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues the Kentucky Parole Board and, in their individual and official capacities, Dr. Thomas Whetstone and Doug Gibson, both members of the Kentucky Parole Board. He states that on May 12, 1986, he was sentenced to life in prison after he pleaded guilty to murder and being a persistent felony offender. He asserts that under the parole regulations then in effect he was to meet with the parole board every eight years. Specifically, he points to 501 KAR 1:011 § 2, which stated, "After the initial review for parole, subsequent reviews, so long as confinement continues, shall be at the discretion of the board; except that the maximum deferment given at any one time shall be eight (8) years." He states that he first saw the board in 1994 and that the board issued a "serve out" on his life sentence using 501 KAR 1:030, which became effective July 15,

1986.[1]  He states that he did not appeal that decision, but that in June or July 2009, a friend wrote the Governor's Office asking that it contact the board to see if it would again review Plaintiff for parole.  Plaintiff states that he subsequently was interviewed by Defendants and they denied parole and failed to correct the 1994 decision that he must serve out his sentence.  He asserts that the use of 501 KAR 1:030 to deny his parole is an Ex-Post-Facto-Clause violation and that Defendants have violated his due-process rights.

As relief, Plaintiff wants monetary and punitive damages, an order from this Court that parole board members must follow the regulations for parole reconsideration extant at the date he committed his crime, and an order for an immediate parole consideration hearing.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro*

---

[1] That regulation actually became effective on December 2, 1988.  It stated at the time of his 1994 parole decision: "After the initial review for parole, subsequent review, so long as confinement continues, shall be at the discretion of the board; except maximum deferment given at any one time shall not exceed the minimum parole eligibility for a life sentence as established by statute. The board reserves the right to order a serve-out on any sentence." *Cosby v. Ky. Parole Bd.*, No. 2004-CA-002240-MR, 2006 WL 574403, at *1 (Ky. Ct. App. Mar. 10, 2006) (quoting 501 KAR 1:030 § 4(d) (1989)).

2

*se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Ex post facto claim*

Plaintiff argues that the Parole Board's order to serve out his sentence was based upon more recent revisions of the Parole Board regulations and was therefore an ex post facto violation. This does not appear to be true. In 1994 and at the time Plaintiff committed the crime, the Parole Board had the discretion under its regulations to order the serve out. *See Cosby*, 2006 WL 574403 at *2 (holding even under the 1984 regulation, the board could deny parole and require a "serve out", not merely defer its decision for eight years). Thus, while the later regulations expressed more clearly that the board reserved its right to order a serve-out, that fact does not mean that the board could not order a serve out before that regulation was adopted in 1988.

More importantly, Plaintiff's argument fails because an ex post facto violation does not occur unless there is a change in the law which creates a significant risk of increased punishment for the inmate. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 502 (1995) (holding that application of amendment of state parole procedures to allow a decrease in the frequency of parole suitability hearings to prisoners who committed crimes before amendment was enacted was not an ex-post-facto-clause violation). Here, the change in the Kentucky Parole Board regulations did not create a significant risk of increased punishment for Plaintiff. Plaintiff received a life sentence, and the changes in the regulations did not increase, or create a significant risk of increase to that sentence. Where there was a right to, or expectation of, parole, Plaintiff might argue that the change in Parole Board regulations created a significant risk of increased punishment. However, Plaintiff has no right to parole and no expectation that he will receive parole. In Kentucky, the decision to

grant or deny parole is entirely discretionary with the Parole Board. *Belcher v. Ky. Parole Bd.*, 917 S.W.2d 584, 586 (Ky. Ct. App. 1996). Therefore, Plaintiff's sentence has remained the same and parole eligibility is of no consequence. Any retroactive application of Parole Board regulations did not create an unconstitutional ex post facto violation. Plaintiff's ex post facto claim must be dismissed.

### *Due process claim*

Plaintiff's claim under the Due-Process Clause is vague. Plaintiff makes no allegation that he was denied due process in his parole proceedings. Due process in parole proceedings only requires an opportunity for the inmate to be heard, and, if parole is denied, notice of the basis upon which parole is denied. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979).

For Plaintiff to state a claim based upon an alleged violation of due process, he must have a valid liberty or property interest. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). A liberty or property interest must rise to more than "an abstract need or desire" and must also be based upon more than a "unilateral hope." *Id.* (internal quotation marks and citation omitted). An individual must have a legitimate claim of entitlement. No liberty or property interest exists here because a convicted person has no particular right to be paroled in Kentucky before the expiration of a valid sentence. *Greenholtz*, 442 U.S. at 7; *see also Belcher*, 917 S.W.2d at 587; *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999) ("Kentucky courts have repeatedly held that there is no constitutional right to parole, but rather parole is a matter of legislative grace or executive clemency."). Also, Plaintiff's eligibility for parole under Kentucky's discretionary parole system is not an "atypical and significant hardship" that would elevate it to a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Court will dismiss this claim for failure to state a claim upon which relief may be granted as well.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
4414.009